UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------x

AMALIA BASURTO, on behalf of herself
and those similarly situated,

                Plaintiffs,

v.

USA PRINCESS NAILS INC. d/b/a PRINCESS NAILS
and DOO CHUN PARK
jointly and severally,

                Defendants.

------------------------------------------------------------------------------x

**No.:**

COLLECTIVE ACTION
COMPLAINT
WITH JURY DEMAND

Plaintiff AMALIA BASURTO (hereafter "Plaintiff"), individually, and upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.     This lawsuit seeks to recover damages for Plaintiff, and similarly situated class and collective action members, resulting from Defendants' USA PRINCESS NAILS INC. d/b/a Princess Nails, (hereinafter "Defendant Princess Nails") and DOO CHUN PARK (hereafter "Defendant Park") willful violation of state and federal wage and hour laws since at least on or about February 10, 2017, in violation of the Fair Labor Standards Act ("FLSA") and since at least on or about February 10, 2017 in violation of the New York Labor Law ("NYLL").

2.     Further this lawsuit seeks to recover damages to Plaintiff Basurto, and on behalf of all other similarly situated employees, all compensation, including minimum wages, overtime wages, spread of hours compensation, and damages for improper paystubs that they were deprived of, plus interest, damages, attorneys' fees, and costs.

3.      Plaintiff brings this action on behalf of herself and similarly situated current and former employees who elect to opt-in to this action pursuant to 29 U.S.C. § 201 *et seq.* of the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331, since this case is brought under the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over the NYLL claims as they are so related that they form part of the same case or controversy under Article III of the United States Constitution and are properly before this Court pursuant to 28 U.S.C. § 1367.

5.      As stated below, Defendant Princess Nails is an employer engaged in commerce as defined in the FLSA, 29 U.S.C. § 203(s).

6.      Defendant Princess Nails is subject to personal jurisdiction in the State of New York since it is located in Richmond County, State of New York.

7.      Venue is proper in this District because Defendant Princess Nails conducts business in this Judicial District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### Plaintiff

Plaintiff Amalia Basurto

8.      Plaintiff Amalia Basurto ("Plaintiff Basurto") is an adult individual who is a resident of Staten Island, State of New York.

9.     Plaintiff Basurto is a licensed manicurist and at all times relevant Plaintiff Basurto was Defendants' employee within the meaning of the FLSA 29 U.S.C § 203(e); NYLL § 651(5) and NYLL § 190; and was not exempt by FLSA, 29 U.S.C. § 213.

10.     Plaintiff Basurto is presently employed by Defendants.  Plaintiff Basurto has been employed by Defendants at all times relevant to this complaint.

### Defendants

11.     Defendant Princess Nails is a New York Corporation doing business as Princess Nail Salon, located at 450 Nome Avenue in Richmond County, New York.

12.     Defendant DOO CHUN PARK, on information and belief, is a resident of Richmond County, New York.

13.     Defendant Park has been the owner and manager of Defendant Princess Nails since February 10, 2017 to the present. That is, at all relevant times, Doo Chun Park owned, and operated USA PRINCESS NAILS INC. d/b/a Princess Nail Salon as single enterprise located at 450 Nome Avenue Staten Island, New York, 10314.

14.     Upon information and belief, Defendant Park is or has been officer of Defendant Princess Nails.

15.     Upon information and belief, Defendant Park owned, controlled and managed operations at Defendant Princess Nails at all times relevant. He has the powers and/or has exercised the powers to hire and fire Plaintiff and similarly situated persons. He has the power to set Plaintiff's rate of pay and did in fact set such. They had the power to set the schedules of employees and maintain employee records. Further Defendant Park interviewed and hired new applicants.

16.     As such, Defendant Park is Plaintiff's employer as that term is defined by the FLSA and NYLL.

17.     Defendant Park employed Plaintiff at all times relevant to this complaint, as the Defendant is engaged in activities performed for a common business purpose as defined by FLSA, 29 U.S.C. § 203(r).

18.     Upon information and belief, as well as first-hand knowledge of Plaintiff, Defendant Princess Nails has been at all times relevant engaged in commerce within the meaning of the FLSA.

19.     Upon information and belief, Defendant Princess Nails is an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, Defendant Princess Nails is a popular spa and nail salon located in Staten Island employing approximately fourteen (14) employees at the location and offering manicure services seven (7) days a week. Based on Plaintiff's personal knowledge of Defendant Princess Nails' business, including knowledge that employees performed services totaling in excess of $500,000, Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203.

20.     Upon information and belief, as well as first-hand knowledge of Plaintiff, an employee of Defendants, Defendant Princess Nails regularly conducted interstate business. Specifically, Defendant Princess Nails regularly accepted credit card payments debiting funds from out-of-state bank accounts.  In addition, Defendant Princess Nails stocks and uses manicure products from out of state.

21.     Defendants are covered employers within the meaning of the 29 U.S.C. § 203(d) and NYLL § 190.

22.    Upon information and belief, Defendants have had control over all employment practices at Defendant Princess Nails including wages, scheduling and the hiring and firing of employees.

## STATEMENT OF FACTS

### FACTS REGARDING PLAINTIFF BASURTO'S EMPLOYMENT

23.    Plaintiff Basurto was hired by Defendant Park to perform licensed manicure and pedicure services, as well as waxing. She is a licensed nail technician. Previously Plaintiff had worked at the same location and when the business was sold she continued to work under the new ownership, Defendant Park.

Plaintiff Basurto's Hours Worked and Pay From February 10, 2017-November 19, 2018

24.    From in or about February 10, 2017, Plaintiff Basurto at all times worked fifty (50) hours a week for Defendants. That is, in such period, Plaintiff Basurto worked for ten (10) hours each workday, from 9:50 a.m. to 7:50 p.m. on Monday, Wednesday, Thursday, Friday and Saturday of each week, all without breaks. Plaintiff Basurto had Sunday and Tuesday of each week off.

25.    From in or about February 10, 2017, to in or about November 19, 2018, Plaintiff Basurto was paid eight-dollars-and-thirty-cents per hour ($8.30/hour) for each hour worked up to 40 in a given week. Additionally, Plaintiff Basurto was only paid nine dollars per hour ($9.00/hour) for each hour worked in excess of 40 in a given week. Thus, Plaintiff was paid four-hundred-twenty-two dollars ($422) for fifty (50) hours of work each week.

26.    From in or about March 2018, Defendants installed a punch clock to record employees' hours worked. Defendants made employees punch out early, so that the hours

recorded on the punch clock did not reflect all hours actually worked by Plaintiff. Moreover, at the end of the week, the punch clock did not show the total hours worked by each employee.

27.    Plaintiff was at all times paid in cash.

28.    At no time did Plaintiff receive pay stubs or wage statements.

29.    At no time did Plaintiff receive overtime pay.

### RETALIATION AND PLAINTIFF'S HOURS WORKED NOVEMBER 20, 2018 TO THE PRESENT

30.    On or about November 9, 2018 undersigned counsel sent a letter to Defendant asserting Plaintiff's rights to minimum wage and overtime and requesting payment of Plaintiff's backwages owed to her.

31.    Upon receipt of such demand in the first week of November, Defendant asked Plaintiff about the letter and the proposed demand stating that he had only owned the company since February 2017, not for the last six years.

32.    Thereafter, Defendant Park spoke to a colleague and attempted to dissuade her from participating in any lawsuit.

33.    Thereafter, Plaintiff's colleagues have stopped speaking to her.

34.    On or about November 19, 2018, within two weeks of receiving the demand, in retaliation, Defendant unlawfully reduced Plaintiff's schedule to four days a week. She currently works 40 hours per week and earning $332 in cash. Thus, she earns $8.30 per hour, in violation of the minimum wage law.

35.    This unlawful reduction amounts to retaliation for asserting her rights under the FLSA and NYLL.

36.    She continues to be deprived of pay stubs, wage statements and subjected to unlawful deductions.

6

37.    Further, when her hours were reduced the manager promised that she would receive a one-hour break for lunch, but she has received no such breaks. She was promised a raise and has not received it.

38.    Further, Plaintiff was required to sign a statement that incorrectly states that Plaintiff receives one hour for lunch, a false inflated sum of tips, and in falsely states that Plaintiff works 9 hours per day.

## DEFENDANTS' MINIMUM WAGE VIOLATIONS

39.    Both the FLSA and NYLL require that employees be paid a minimum wage, as per 29 U.S.C. § 206; N.Y. Lab. Law § 652.

40.    The federal hourly minimum wage during the times relevant to this action was after July 24, 2009: $7.25.

41.    The state hourly minimum wage during the times relevant to this action was:

- on and after December 31, 2016: $11.00 per hour (large employer, defined as an employer with 11 or more employees); and

- on and after December 31, 2017: $13.00 per hour (large employer)

- on and after December 31, 2017: $15.00 per hour (large employer)

42.    At all times relevant Defendants paid Plaintiff less than minimum wage and failed to pay her overtime.

43.    At no time did Plaintiff receive breaks of more than fifteen (15) minutes.

44.    At all times relevant, Plaintiff received a weekly payment every Monday, which was given to employees as cash in hand.

45.    Defendants are not entitled to a "tip credit" under the FLSA or NYLL because Defendants never notified or informed Plaintiff of the tip credit provision and failed to maintain records of tips received or allowances taken. For example, Defendants never gave paystubs to

7

Plaintiff or any other statement listing any allowances claimed against the minimum wage.

46.    At no time did Plaintiff receive notice that Defendants intended to take the tip credit against Plaintiff's wages nor were the tips received recorded to ensure that Plaintiff received minimum wage.

47.    Upon information and belief, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours and wages, including any allowances claimed, deductions claimed, or tips received by Plaintiff, in violation of the FLSA, NYLL and federal and state regulations. 29 U.S.C. § 211(c); N.Y. Lab. Law § 661; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.6.

48.    Upon information and belief, during Plaintiff's employment at Defendant Princess Nails, Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights as required under the FLSA, federal and state regulations or otherwise provided Plaintiff with information about her legal rights.

## DEFENDANTS' OVERTIME VIOLATIONS

49.    At all times relevant, Plaintiff was paid straight time and/or less than one-and-a-half time, for all hours worked in excess of forty hours per week as indicated, supra.

50.    At no time did Defendants pay Plaintiff overtime.

51.    Upon information and belief, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's actual hours worked and wages, in violation of the FLSA, NYLL, federal and state regulations. 29 U.S.C. § 211(c); N.Y. Lab. Law § 661; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.6.

## DEFENDANTS' UNLAWFUL DEDUCTIONS

52.    Federal regulations prohibit employers from requiring a minimum wage employee to purchase the tools of their trade or give any money back to his or her employer. 29 C.F.R. §

531.35.

53.    The NYLL prohibits employers from making any deductions from an employee's wages except those permitted by law. N.Y. Lab. Law § 193.

54.    Defendants required Plaintiff to purchase equipment at their own expense for use in fulfilling their duties at Defendant Princess Nails, including but not limited to gloves, nail clippers, nail cutters and cuticle cutters.  Plaintiff spent approximately fifty dollars ($50) per month on these expenses.

55.    The expenses described in the preceding paragraphs were exclusively for the benefit of Defendants and constituted de facto deductions from Plaintiff's wages.

### DEFENDANTS' ACTIONS WERE WILLFUL

56.    Defendants at all times took the above actions willfully.

57.    Indeed, Defendants paid Plaintiff in cash at rates significantly below both the required minimum wage rate and the corresponding time-and-a-half rate for overtime hours. Moreover, after Defendants installed a punch clock, they instructed Plaintiff to clock out early, and thus at the end of the week the records from the punch clock failed to record all hours worked by Plaintiff. Furthermore, at all times Defendants failed to provide Plaintiff with a paystub or any other documentation of her pay rate, hours worked, or pay received.

58.    Plaintiff was paid in cash by hand and upon information and belief, with no record that such actual payment was made.

59.    Defendants further acted willfully in requiring Plaintiff to purchase personal protective equipment and failing to provide such equipment even as Defendants saw that Plaintiff was suffering from rashes and respiratory problems from lack of consistent access to personal protective equipment.

## FLSA COLLECTIVE ACTION ALLEGATIONS

60.    Plaintiff brings her wage claims for relief as a collective action under Section 16(b), 29 U.S.C. § 216(b) of the FLSA on behalf of all hourly workers employed by Defendants at Defendant Princess Nails between on or about July 15, 2015 and the date of final judgment in this matter that elect to opt in to this action. Such Plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

61.    Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully within the meaning of FLSA, 29 U.S.C. § 216.

62.    At all times relevant, to this complaint, and upon information and belief, Plaintiff and the FLSA Collective Plaintiffs are and/or have been similarly situated and have had substantially similar compensation provisions. Thus, the claims of Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

63.    Plaintiff and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay them in accordance with minimum wage requirements in violation of FLSA, 29 U.S.C. § 206.

64.    Plaintiff and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay overtime at a rate of one-and-a-half times their hourly rate for hours worked in excess of forty (40) per workweek in violation of FLSA, 29 U.S.C. § 207.

65.    Plaintiff and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay for tools of the trade, such as tweezers and nippers, in violation of 29 CFR § 531.3(d)(1) and (3), 531.32(c), and 531.35.

66.    For notice and all other purposes related to claims brought under FLSA, 29 U.S.C. § 216(b), the names and addresses of the FLSA Collective Plaintiffs are available from Defendants' records. Notice can be provided via first class mail to the last address known to Defendants for each of the FLSA Collective Plaintiffs.

## FIRST CLAIM FOR RELIEF

### (FLSA Minimum Wage Claim, 29 U.S.C. § 201 *et seq.*, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

67.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

68.    At all times relevant, each Defendant has been, and/or continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

69.    At all times relevant, Defendants employed Plaintiff and FLSA Collective Plaintiffs as "employees" within the meaning of FLSA, 29 U.S.C. § 203.

70.    Defendants were required to pay Plaintiff and the FLSA Collective Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

71.    Upon information and belief, Defendants knowingly failed to pay Plaintiff and FLSA Collective Plaintiffs the required minimum wage under the FLSA for each hour worked.

72.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages for her unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(FLSA Overtime Claim, 29 U.S.C. § 201 *et seq.* Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

73.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

74.     Throughout the period covered by the applicable statute of limitations and upon information and belief, Plaintiff and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

75.     At all times relevant, and upon information and belief, Defendants have repeatedly and willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

76.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks and is entitled to recover damages for their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(New York State Minimum Wage Act Claim, NYLL Article 19 § 650 *et seq.*, Plaintiff on Behalf of Herself)**

77.     Plaintiff, on behalf of herself, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

78.     Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants knowingly paid Plaintiff less than the minimum wage as required by NYLL and the supporting regulations of the New York State Department of Labor.

12

79.     Defendants did not pay the minimum wage for all hours worked by Plaintiff and similarly situated persons.

80.     Upon information and belief, Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of the NYLL.

81.     Plaintiff seeks to recover unpaid compensation, liquidated damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF

**(New York State Minimum Wage Act - Overtime Claim, NYLL § 650 *et seq.,* Plaintiff on Behalf of Herself)**

82.     Plaintiff, on behalf of herself, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

83.     Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants willfully and repeatedly failed to pay Plaintiff at the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

84.     Plaintiff seeks and is entitled to recover her respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

85.     Plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

### FIFTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(3), Plaintiff on Behalf of Herself)**

86.     Plaintiff, on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

87.     Defendants have failed to provide Plaintiff with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

88.     Plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

## SIXTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(1), Plaintiff on Behalf of Herself)**

89.     Plaintiff, on behalf of herself, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

90.     Defendants have failed to provide Plaintiff with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

91.     Plaintiff and similarly situated persons have been damaged in an amount as yet determined, plus liquidated damages.

## SEVENTH CLAIM FOR RELIEF

**(Unlawful Deductions, NYLL §196(d) Plaintiff on Behalf of Herself)**

92.     Plaintiff, on behalf of herself, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

93.     Throughout the period covered by the applicable statute of limitations, Defendants unlawfully required Plaintiff to provide tools of the trade at Plaintiff's own expense in violation of NYLL.

94.     Plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

14

## EIGHTH CLAIM FOR RELIEF

### (Recovery of Equipment Costs, Plaintiff on Behalf of Herself and the FLSA Collective Action Plaintiffs)

95.     Plaintiff, on behalf of herself, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

96.     Defendants required Plaintiff and similarly situated persons to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment required to perform their jobs, further reducing their wages below the minimum wage in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

97.     Because of Defendants' willful violation of the FLSA and NYLL, Plaintiff and similarly situated persons are entitled to recover from the Defendants, jointly and severally, all monies paid in furtherance of the Defendants' enterprise, plus liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## NINTH CLAIM FOR RELIEF

### (FLSA Prohibition of Retaliation 29 U.S.C. § 215(a)(3), and NYLL Prohibition of Retaliation Brought by Plaintiff on behalf of herself)

98.     Plaintiff, on behalf of herself, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

99.     From November 19, 2018 to the present defendants retaliated against plaintiff for complaining about the FLSA and NYLL violations by unlawfully reducing her schedule.

100.    As a result of this retaliation, plaintiff seeks her damages, as well as penalties for retaliation allowed under the FLSA and NYLL.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, requests relief as follows:

A. Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B. Designation of Plaintiff as a representative of the FLSA Collective Plaintiffs;

C. An order declaring that Defendants violated the FLSA in the manners stated in this complaint;

D. An order declaring that Defendants' violations of the FLSA were willful;

E. An order declaring that Defendants violated the NYLL in the manners stated in this complaint;

F. An order declaring that Defendants' violations of the NYLL were willful;

G. An award of minimum wage compensation under the FLSA and NYLL;

H. An award of overtime compensation under the FLSA and NYLL;

I. An award of liquidated damages pursuant to the FLSA;

J. An award of damages for violations of NYLL;

K. An award of damages and/or penalties for violations of NYLL and FLSA related to retaliation;

L. Reinstatement to Plaintiff's schedule prior to Defendants' Retaliation

M. All penalties available under the applicable laws;

N. Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable statutes;

O. Interest as provided by law; and

P. Such other relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff demands a jury trial for all causes of action for which they have a right to a jury trial.


Dated: New York, New York
       January 31, 2019


Respectfully submitted,

MIRER MAZZOCCHI & JULIEN, PLLC

By: Ria Julien
*Attorney for Plaintiff*
150 Broadway, Suite 1200
New York, NY 10038
(212) 231-2235
rjulien@mmsjlaw.com